IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID EDWARD LODOR,

      Petitioner,

vs.                                                                             CIVIL NO. 17-cv-0118-DRH

JOHN BALDWIN,
BRETT BROSMANN, and
SEAN DUFFY

      Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner, currently incarcerated in Vandalia Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of the Illinois Department of Corrections' (IDOC) calculation of his out-date, and his underlying conviction for violating a protective order. The petition was filed on February 7, 2017. (Doc. 1).

      Petitioner argues that trial transcripts are being withheld from him. (Doc. 1, p. 6). He further argues that Judge T.S. McCann of Kendall County sentenced him to 1 term of 4 years' parole at the end of his last consecutive charge. *Id.* While serving a sentence on 3 consecutive charges, petitioner caught another charge while trying to contact his son, who has an order of protection against him. (Doc. 1, pp. 6-7). Petitioner argues that his outdate is being miscalculated as a result of the interplay between the 2012 charges and the 2014 charge. (Doc. 1, p. 6). He also alleges that he should not have been charged with violating a protective order because two separate counties issued them and petitioner believes that the two orders of protection cannot run together. (Doc. 1, p. 7).

1

Petitioner's third argument is that IDOC should have allowed him to take classes to earn sentence credits. *Id.* Finally, petitioner argues that IDOC's policy of requiring him to have a home site prior to being released is effectively punishing him for being homeless. *Id.*

Petitioner alleges that he filed a grievance regarding the calculation of his outdate, although it is not clear how far he pursued that process or what the outcome was. (Doc. 1, p. 2). Petitioner states, "I have many IDOC employees bumping heads on this," which implies that the issue has not been resolved. *Id.* Petitioner also states that as to the underlying conviction, he has an appeal pending in the appellate court for the Second District of Illinois. (Doc. 1, p. 3).

## **Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner has invoked the wrong statute and his case will be dismissed on these grounds. The correct vehicle for a state prisoner seeking relief from a state court conviction is § 2254, not § 2241. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (holding a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who

2

challenges the fact or duration of his confinement and seeks immediate or speedier release."). The Court will not automatically re-characterize the petition as being made pursuant to § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate may file, and re-characterizing the petition may make it significantly more difficult for a litigant to file another motion. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003).

It is also clear that petitioner has not met the requirements of § 2254. Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

3

Petitioner has affirmatively stated that he has not exhausted his state court remedies as to the underlying conviction. He has stated that the matter is still pending in the appellate court and that he has not presented it to the state supreme court. It is unclear as to whether he has exhausted his remedies as to the calculation of his outdate; the proper course is to file a petition for mandamus in state court, and the petition implies that the only step petitioner has taken so far is to file a grievance to the IDOC. *Toney v. Franzen*, 687 F.2d 1016, 1021-22 (7th Cir. 1982) ("Under Illinois law, mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with law."). Notably, exhaustion in a habeas case requires presentation to the state courts, not the relevant state agency. It also appears petitioner's claims regarding his underlying conviction and the calculation of his outdate may be intertwined, as petitioner has implied that he caught another charge while still incarcerated, which may have impacted the amount of parole or supervised release that he had to serve, although it is not clear form the petition that this is necessarily the case. Petitioner is strongly cautioned to make sure that he completes his state court remedies prior to bringing an action in federal court as to all issues he wishes to raise.

## **Pending Motions**

Petitioner's motion to proceed IFP will be addressed by separate order. (Doc. 6).

The Court also notes that petitioner filed 1 exhibit on February 9, 2017, a second on February 28, 2017, and a third on March 2, 2017. (Doc. 3) (Doc. 4) (Doc. 8). All 3 exhibits appear to address incidents of prison discipline that have no bearing on this case. The Court did not consider them as part of this screening. If petitioner wishes to

bring claims based on his conditions of confinement or due process violations, he must file suit under § 1983; he cannot bring such claims in a habeas suit.

## Disposition

For the reasons stated above, the instant habeas petition is **DISMISSED** without prejudice to any other habeas petition or civil rights action petitioner wishes to file. If necessary, petitioner may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1). A claim for wrongful imprisonment in state custody should be brought pursuant to § 2254.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* This petition has been dismissed without prejudice because petitioner failed to invoke the proper statute. Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appeal ability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004).

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *S lack v. McDaniel*, 529 U.S. 473, 484

(2000).  A petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (citation omitted).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  Fed. R. App. P. 22(b)(1)-(3).

Here, this Order dismisses this case without prejudice, which means there is no final appealable order and a certificate of appealability is not required.  Additionally, no reasonable jurist would find it debatable whether this Court's ruling on petitioner's attempt to bring his habeas case pursuant to § 2241 without exhausting state court remedies was correct.  Accordingly, a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**

**DATED: March 9, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.09 16:58:17 -06'00'

**United States District Judge**